EXHIBIT A

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 07-cv-1814-WDM-MJW

DEBBIE ULIBARRI;
ESTATE OF SHAWN FRANCISCO VIGIL;
COLORADO CROSS-DISABILITY COALITION, a Colorado Corporation;
COLORADO ASSOCIATION OF THE DEAF, a Colorado Corporation;
ROGER KREBS;

      Plaintiffs,

v.

CITY & COUNTY OF DENVER, INCLUDING ITS SHERIFF'S DEPARTMENT;
ALVIN LACABE, in his official capacity as Manager of Public Safety for the City & County of Denver, and in his individual capacity;
WILLIAM LOVINGIER, in his official capacity as the Director of Corrections and Undersheriff for the City & County of Denver, and in his individual capacity;
RON D. FOOS, in his official capacity as Division Chief for the County Jail Division for the City & County of Denver, and in his individual capacity;
GARY WILSON, in his official capacity as Division Chief for the Pre-Arraignment Detention Facility Division, and in his individual capacity.

      Defendants.

---

**PLAINTIFFS' FIRST SET OF WRITTEN DISCOVERY
PROPOUNDED TO DEFENDANTS**

---

Plaintiffs, Debbie Ulibarri, Estate of Shawn Francisco Vigil, Colorado Cross-Disability Coalition, Colorado Association of the Deaf, and Roger Krebs, by and through their attorneys, Carrie Ann Lucas and Kevin W. Williams of the Colorado Cross-Disability Coalition, Fox & Robertson, P.C., and King & Greisen, LLC propound their First Set of Discovery to Defendants, pursuant to Federal Rules of Civil Procedure 33 and 34. The responses to these Interrogatories

1

and Document Requests are due thirty (30) days from the date of service.

## Definitions and Instructions

A.  These Interrogatories and Document Requests are continuing in character. You are requested to file supplementary answers promptly whenever you obtain further or different information responsive to these Interrogatories and Document Requests. Should you be unable to respond to any Interrogatory or Document Request or portion thereof at this time, you should respond promptly when you are able to provide any responsive information.

B.  A request to "identify" a person means to state, to the extent known to you, the full name, any nicknames of which you are aware, all present or last known addresses, all present or last known telephone numbers, employer, occupation and job title of such person.

C.  A request to "identify" any other entity means to state, to the extent known to you, the full name of such entity, the address of its principal place of business, the nature of its business, its telephone number, and the names of its principals.

D.  A request to "identify" a document or other written communication means to state, to the extent known to you, the date, all author(s), all addressee(s), all recipients(s), title, subject matter, content, purpose, and present custodian or location of the document or written communication in question and, in the case of a computer or electronic document, the software and hardware in which it is stored.

E.  A request to "identify" any non-written communication means to identify the natural person(s) making and receiving the communication and all persons present for the communication, and to state their respective principals or employers at the time of the

communication, the date, time, manner and place of the communication, and the substance of the communication.

F.  A request to "identify" an action or conduct means to describe the action or conduct, identify all natural person(s) who were involved in or had knowledge of the conduct and to state their respective principals or employers at the time of the action or conduct, and provide the date, time, manner and place of the action or conduct.

G.  All requests to "identify" in these interrogatories, even if not expressly stated, are deemed to request identification of any and all documents related to the subject matter of the interrogatory.

H.  As used herein, the term "documents" means all documents to which Plaintiffs are entitled under Rule 34 of the Federal Rules of Civil Procedure in your possession, custody or control, including data accessible through any electronic data processing system, and any written, printed, typed, drawn, punched, graphic or photographic matter of any kind or nature, however produced or reproduced, including nonidentical copies thereof.

I.  As used herein, "communication" includes conversations, meetings, telephone calls, electronic mail and all other methods and media by which words are conveyed from one person to one or more others.

J.  As used herein, "representative" includes, but is not limited to, employees, agents, officers, directors and attorneys. You are requested to furnish information that is within your possession, custody or control as well as any such information within the possession, custody or control of any individual or entity who is your representative.

K.  As used herein, a document or statement "relating to" or "related to" a given subject matter means a document or statement that constitutes, embodies, comprises, reflects, identifies, states, refers to, deals with, comments on, responds to, describes, analyzes, contains information concerning, or is in any way pertinent to that subject matter.

L.  Wherever it is necessary to bring within the scope of these Interrogatories and Document Requests information or documents that otherwise might be construed to be outside their scope, (1) the use of "and" as well as "or" shall be construed both disjunctively and conjunctively; (2) the use of a word in its singular form shall be construed to include within its meaning its plural form as well, and vice versa; (3) the use of the masculine gender shall include the feminine and vice versa; and (4) the use of a verb in any tense or voice shall be construed as the use of that verb in all other tenses and voices.

M.  As used herein,

1.  "ADA" or "Americans with Disabilities Act" means the Americans with Disabilities Act, 42 U.S.C. § 12101, *et seq.* and its implementing regulations.

2.  "Rehabilitation Act" means Section 504 of the Rehabilitation Act of 1973, 29 U.S.C. § 794, *et. seq.*, and its implementing regulations.

3.  "PADF" means the City & County of Denver's pre-arraignment detention facility, or city jail.

4.  "DCJ" means the City and County of Denver's County jail facility.

5.  "TTY" means a Telecommunications Device for the Deaf or

4

Teletypewriter.

N.  If, in answering any of these Interrogatories or Document Requests, you encounter any ambiguity in construing either the Interrogatory or Document Request or a definition or instruction relevant thereto, set forth the matter deemed ambiguous and the construction selected or used in answering the Interrogatory or Document Request.

O.  If you withhold any information called for by any Interrogatory or Document Request based upon a claim of privilege, provide the information and/or documents as to which you do not claim privilege, and for any information and/or documents as to which you claim privilege, describe and identify: (1) the subject matter of the information withheld; (2) the privilege claimed; (3) in the case of a document, the author(s), addressees, and recipients of the document and each person who has or has had possession, custody or control of any copy of the document; (4) in the case of an oral communication, all participants in the communication and all those present during the communication; and (5) the number of the Interrogatory to which the information is responsive.

P.  If no date is specified, these Interrogatories and Document Requests are to be interpreted to request information from July 1, 2005, to the present.

Q.  If you object to any of the discovery requests below on the grounds that it is overly broad or burdensome, state the reasons for this objection and produce such information or documents as you believe would not be objectionable to produce.

R.  Any word or phrase not specifically defined herein is to be defined, interpreted and construed consistently with the definitions and purposes of the ADA and Section 504.

5

S.  When identifying documents that are responsive to these document requests, refer to the responsive documents by their respective bates numbers.

### Interrogatories

1.  Identify any and all policies, practices and/or procedures in effect at any time since January 1, 2005 relating to the provision of translation or interpreting service to inmates or detainees at the PADF or DCJ who communicate in a language other than English, including but not limited to American Sign Language, identify any documents describing or otherwise relating to such policies, practices and/or procedures, including the provision of services pursuant to those policies, practices and/or procedures since January 1, 2005, including but not limited to policies, practices and procedures for requesting interpreters for court while detained, and identify any individuals with knowledge of such policies, practices and/or procedures.

2.  Identify any and all policies, practices and/or procedures in effect at any time since January 1, 2005 relating to the classification and/or placement of inmates and detainees with any type of disability at the PADF or DCJ, identify any document describing or otherwise relating to such policies and practices, and identify any individuals with knowledge of such policies, practices and/or procedures.

3.  Identify any and all policies, practices and/or procedures in effect at any time since January 1, 2005 relating to detention or release of detainees with disabilities, identify any document describing or otherwise relating to such policies and practices, and identify any individuals with knowledge of such policies, practices and/or procedures.

4.  Identify any and all policies, practices and/or procedures in effect at any time

6

since January 1, 2005 related to medical or mental health screening or assessment of inmates and detainees, including but not limited to assessing suicide risk, identify any document describing or otherwise relating to such policies, practices and/or procedures, and identify any individuals with knowledge of such policies, practices and/or procedures.

5. Identify any and all policies, practices and/or procedures in effect at any time since January 1, 2005 related to the ability of inmates and detainees to use disability related tools and equipment while detained and incarcerated, including but not limited to wheelchairs, white canes, including but not limited to long white canes, service animals, slates and styluses, canes, crutches, walkers, talking book machines, communication devices, and TTYs, identify any document describing or otherwise relating to such policies, practices and/or procedures, and identify any individuals with knowledge of such policies, practices and/or procedures.

6. Identify any and all accommodations provided to Roger Krebs and Shawn Vigil, whether pursuant to the ADA or Rehabilitation Act, or otherwise, while detained at the PADF and/or DCJ, identify any document describing or otherwise relating to such accommodations, and identify any individual with knowledge of such accommodations.

7. Identify any and all attempts to provide Roger Krebs and Shawn Vigil with effective communication, and for each, identify any document describing or otherwise relating to the communication, and identify any individuals who were involved in or have knowledge of such communication.

8. Identify all policies, practices and/or procedures in effect at any time since January 1, 2005 related to communication, including but not limited to telephone calls and face

to face visits, with friends, family members, legal counsel, clergy, or other outside individuals, for inmates and detainees at the PADF and DCJ, identify any document describing or otherwise relating to such policies, practices and/or procedures, , and identify any individuals with knowledge of such policies, practices and/or procedures.

9. Identify the location and installation date of each TTY and videophone located at the PADF or DCJ, and for each, identify all policies, practices and/or procedures related to its use identify all records, including but not limited to communications, related to its installation, use and maintenance, and identify any individuals with knowledge of such communication, policies, practices and/or procedures.

10. Identify all policies, practices and/or procedures in effect at any times since January 1, 2005 related to supervision, observation and/or monitoring of inmates and detainees at the DCJ, including but not limited to written and unwritten policies, schedules, location of personnel before, during and after any supervision, observation and/or monitoring, and/or recording of information relating to any supervision, observation and/or monitoring, and identify all documents relating to such supervision, observation and/or monitoring, and all individuals with information relating to such supervision, observation and/or monitoring.

11. Identify all complaints received by any Defendant between January 1, 2000 and the present relating to alleged discrimination against, communication with and/or the provision of accommodations to inmates with disabilities at PADF and/or DCJ, identify all documents relating to such complaints and identify any individuals with knowledge of such complaints.

## Requests for Production of Documents

1. All documents identified in, or referred to in any Defendants' Fed. R. Civ. P. 26(a) disclosures.

2. All documents identified in, or referred to in answering, any Interrogatory.

3. All documents related to the detention of Shawn Francisco Vigil at either the PADF or the DCJ.

4. All documents related to the detention of Roger Krebs at the PADF.

5. All documents that set forth any policy, practice or procedure relating to compliance with the ADA or the Rehabilitation Act at the PADF, DCJ or Denver Sheriff's Department.

Respectfully submitted,

COLORADO CROSS DISABILITY COALITION

s/ Carrie Ann Lucas
Carrie Ann Lucas
Kevin W. Williams
655 Broadway
Suite 775
Denver, CO 80203
303.839.1775 (voice)
303.839.1782 (fax)
clucas@ccdconline.org
kwilliams@ccdconline.org

Laura E. Schwartz
Paula Dee Greisen
King & Greisen, LLP
1670 York Street
Denver, CO 80206

9

(303) 298-9878 (voice)
(303) 298-9879 (fax)
schwartz@kinggreisen.com
greisen@kinggreisen.com

Amy F. Robertson
Fox & Robertson, P.C.
910 16th Street
Suite 610
Denver, CO 80204
303.595.9700 (voice)
303.595.9705 (fax)
arob@foxrob.com

Dated: January 4, 2008                    Attorneys for Plaintiffs

## Certificate of Service

I hereby certify that on January 4, 2008, I served the foregoing via First Class Mail Postage Prepaid to:

s/ Carrie Ann Lucas
Carrie Ann Lucas
Attorney for Plaintiffs
Colorado Cross-Disability Coalition
655 Broadway
Suite 775
Denver, CO 80203
303.839.1775 (voice)
303.839.1782 (fax)
clucas@ccdconline.org