EXHIBIT D

# Colorado Cross-Disability Coalition

### 655 Broadway, Suite 775, Denver, Colorado 80203

(303) 839-1775 Voice
(303) 839-0015 TTY
(303) 839-0015 Captel

(303) 839-1782 FAX
clucas@ccdconline.org
www.ccdconline.org

Julie Reiskin, MSW, LCSW, Executive Director
Kevin Williams, Esq., Legal Program Director
Carrie Ann Lucas, Esq., CRPD Director

March 28, 2008

Suzanne A. Fasing
Denver City Attorney's Office
Litigation Section
201 W Colfax Ave, Dept 1108
Denver, CO 80202

**Via First Class Mail and Electronic Mail to Suzanne.Fasing@denvergov.org.**

Re: <u>Ulibarri, et. al. v. City & County of Denver, et al.</u>, 07-cv-1814-WDM-MJW

Dear Suzanne,

This letter is to follow-up on the discovery issues that you and I discussed when I met with you last week. As I mentioned, we have concerns regarding the incompleteness of the discovery responses, concerns about redactions, and concerns that Defendants have not produced a privilege log. We also have concerns about Defendants' failure to supplement their disclosures, and responses to discovery requests.

**Redactions**

I appreciate you meeting with me and allowing me to review the unredacted documents. My review, however, only reinforces my position that Plaintiffs are entitled to unredacted documents.

The parties stipulated to a protective order that was entered by the Court on January 29, 2008, and the protective order should alleviate Defendants' concerns regarding protecting the information. If the procedures outlined in the protective order were not sufficient, you should have raised that issue before stipulating to the order, but you did not, nor have you filed any motion seeking to modify the protective order.

My understanding from you about this issue is that Defendants view the redacted information as sensitive, and of a highly confidential nature that could put detainees, inmates,

Ms. Suzanne Fasing
March 28, 2008
Page 2

and deputies at risk if it were disseminated.   While I am not aware of a privilege that allows
Defendants to redact in this matter, Plaintiffs are, at a minimum, entitled to a privilege log that
outlines the specific privilege claimed.  In the absence of a specific privilege, outlined in a
privilege log, Plaintiffs are entitled to unredacted documents.

Notwithstanding the privilege log issues, your contention that the information is highly
sensitive rings hollow given that the information in many of the redacted portions is available in
other produced documents, some of which are not even labeled as confidential. Other redactions
are simply nonsensical.  You redacted the form number for the routine maintenance requests. *See*
000263.  Certainly knowing the form number to have a light bulb changed is not going to affect
inmate or deputy safety.

The redactions on pages 000246, 000250, 000261, 000271, 000273, 000282, 000283,
000293, 000294, 000312, 000314, 000319, 000320, 000321, 000322, 000327, 000333, and
000334 are all portions of policies that are at issue in this case.  Each concerns communication
policies, supervision of detainees, movement of detainees, or staff responsibilities that are at
issue in this case.   Plaintiffs expect to receive unredacted documents within 10 days or we will
be forced to file a motion to compel.

## Discovery Responses

Defendants disclosure documents and discovery responses are woefully incomplete.  As
an example, the entire internal affairs report on Shawn Vigil was not produced. Neither were the
related  photographs, audio tapes or video tapes produced.  While we received some documents
from the investigation when we made an open records act request, the documents themselves
indicate that the documents we received from you are incomplete. The identifying information
about those documents requested in our discovery requests was not provided with the open
records act documents.  Furthermore, the documents covered under an open records act request
are significantly more limited than the documents available under the Fed. R. Civ. P. discovery
rules.

The interrogatory responses were not verified by any of the individual defendants, despite
being directed to all Defendants.  Sonya Gillespie provided the verification, but we have no
indication as to who she is, or what authority she has to sign the documents.  Presumably, she
was signing on behalf of the City & County of Denver, but it is unclear that she has the authority
to bind the City to a position.  Please identify her position, and state the basis for her authority to
sign the responses on behalf of the City & County of Denver.

Plaintiffs intend to file a motion to compel unless these and the following deficiencies are
corrected within ten days.  This letter serves as our attempt to confer prior to filing our motion.  I
am more than happy to meet with you and discuss our concerns further if that will help resolve

Ms. Suzanne Fasing
March 28, 2008
Page 3

this discovery dispute.

*Interrogatory #1*

*Identify any and all policies, practices and/or procedures in effect at any time since January 1, 2005 relating to the provision of translation or interpreting service to inmates or detainees at the PADF or DCJ who communicate in a language other than English, including but not limited to American Sign Language, identify any documents describing or otherwise relating to such policies, practices and/or procedures, including the provision of services pursuant to those policies, practices and/or procedures since January 1, 2005, including but not limited to policies, practices and procedures for requesting interpreters for court while detained, and identify any individuals with knowledge of such policies, practices and/or procedures.*

Defendants response to Interrogatory #1 is incomplete.  Our instructions specifically requested that when identifying information related to documents, such as policies, Defendants state the date and author(s).  This information was not provided for any of the policies identified in Defendants' responses.

Your responses did not include policies concerning the videophone at the PADF, or policies concerning interpreters at the PADF.  If no such policies exist, please confirm in writing, and have those answers verified by each defendant to whom the interrogatory requests were directed

*Interrogatory #2*

*Identify any and all policies, practices and/or procedures in effect at any time since January 1, 2005 relating to the classification and/or placement of inmates and detainees with any type of disability at the PADF or DCJ, identify any document describing or otherwise relating to such policies and practices, and identify any individuals with knowledge of such policies, practices and/or procedures.*

Defendants' response to Interrogatory #2 is incomplete.  Our instructions specifically requested that when identifying information related to documents, such as policies, Defendants state the date and author(s).  This information was not provided for any of the policies identified in Defendants' responses.  Please have each Defendant to whom this interrogatory was directed verify that the response is complete and that no other responsive policies exist.

Ms. Suzanne Fasing
March 28, 2008
Page 4

*Interrogatory #3*

*Identify any and all policies, practices and/or procedures in effect at any time
since January 1, 2005 relating to detention or release of detainees with
disabilities, identify any document describing or otherwise relating to such
policies and practices, and identify any individuals with knowledge of such
policies, practices and/or procedures.*

Please have each Defendant to whom this interrogatory was directed verify that the
response is complete and that no other responsive policies exist.

*Interrogatory #4*

*Identify any and all policies, practices and/or procedures in effect at any time
since January 1, 2005 related to medical or mental health screening or
assessment of inmates and detainees, including but not limited to assessing
suicide risk, identify any document describing or otherwise relating to such
policies, practices and/or procedures, and identify any individuals with
knowledge of such policies, practices and/or procedures.*

Our instructions specifically requested that when identifying information related to
documents, such as policies, Defendants state the date and author(s). This information was not
provided for any of the policies identified in Defendants' responses. Please have each Defendant
to whom this interrogatory was directed verify that the response is complete and that no other
responsive policies exist.

*Interrogatory #5*

*Identify any and all policies, practices and/or procedures in effect at any time
since January 1, 2005 related to the ability of inmates and detainees to use
disability related tools and equipment while detained and incarcerated, including
but not limited to wheelchairs, white canes, including but not limited to long white
canes, service animals, slates and styluses, canes, crutches, walkers, talking book
machines, communication devices, and TTYs, identify any document describing or
otherwise relating to such policies, practices and/or procedures, and identify any
individuals with knowledge of such policies, practices and/or procedures.*

Plaintiffs do not understand the basis for Defendants' objection to this interrogatory.
Plaintiff Colorado Cross-Disability Coalition seeks broad policy changes on behalf of people
with all types of disabilities. The information requested in this interrogatory is directly related to
Plaintiff's claims, and is discoverable. If you have any authority to support your objection,

Ms. Suzanne Fasing
March 28, 2008
Page 5

please provide it, otherwise please provide a substantive response.

*Interrogatory #6*

*Identify any and all accommodations provided to Roger Krebs and Shawn Vigil,
whether pursuant to the ADA or Rehabilitation Act, or otherwise, while detained
at the PADF and/or DCJ, identify any document describing or otherwise relating
to such accommodations, and identify any individual with knowledge of such
accommodations.*

As requested in the interrogatory, please identify the individuals who have knowledge of
the accommodations offered to Shawn Vigil and Roger Krebs, and any documents that describe
or relate to such accommodations.   Please have each Defendant to whom this interrogatory was
directed verify that the response is complete and that no other individuals can be identified.   For
Bates #000040, please identify the individual who completed this form.

*Interrogatory #7*

*Identify any and all attempts to provide Roger Krebs and Shawn Vigil with
effective communication, and for each, identify any document describing or
otherwise relating to the communication, and identify any individuals who were
involved in or have knowledge of such communication.*

Based upon Defendants' policy, all written notes of a medical nature used to
communicate with an inmate who has a hearing disability are to be retained in the inmate's
infirmary file.  None of these notes have been produced.  Please identify these documents, and all
other responsive documents, or confirm that none exist.

Defendants' responses indicate that individuals can communicate via a kite.  No kites
were produced. Please identify these and all other responsive documents or confirm that none
exist.  Please have each Defendant to whom this interrogatory was directed verify that the
response is complete and that no other documents and communications can be identified.

*Interrogatory #8*

*Identify all policies, practices and/or procedures in effect at any time since
January 1, 2005 related to communication, including but not limited to telephone
calls and face to face visits, with friends, family members, legal counsel, clergy,
or other outside individuals, for inmates and detainees at the PADF and DCJ,
identify any document describing or otherwise relating to such policies, practices
and/or procedures, , and identify any individuals with knowledge of such policies,*

Ms. Suzanne Fasing
March 28, 2008
Page 6

> *practices and/or procedures.*

Our instructions specifically requested that when identifying information related to documents, such as policies, that Defendants state the date and author(s). This information was not provided for any of the policies identified in Defendants' responses. Please have each Defendant to whom this interrogatory was directed verify that the response is complete and that no other responsive policies exist.

> *Interrogatory #9*
>
> *Identify the location and installation date of each TTY and videophone located at the PADF or DCJ, and for each, identify all policies, practices and/or procedures related to its use identify all records, including but not limited to communications, related to its installation, use and maintenance, and identify any individuals with knowledge of such communication, policies, practices and/or procedures.*

As noted above, Defendants have not responded concerning the videophone at the PADF. Defendants provided no response regarding the installation or maintenance of the equipment. Our instructions specifically requested that when identifying information related to documents, such as policies, that Defendants state the date and author(s). This information was not provided for any of the policies identified in Defendants' responses. Please have each Defendant to whom this interrogatory was directed verify that the response is complete and that no other responsive policies exist.

> *Interrogatory #10*
>
> *Identify all policies, practices and/or procedures in effect at any times since January 1, 2005 related to supervision, observation and/or monitoring of inmates and detainees at the DCJ, including but not limited to written and unwritten policies, schedules, location of personnel before, during and after any supervision, observation and/or monitoring, and/or recording of information relating to any supervision, observation and/or monitoring, and identify all documents relating to such supervision, observation and/or monitoring, and all individuals with information relating to such supervision, observation and/or monitoring.*

This interrogatory is specifically relevant to the policies and procedures in place when Shawn Vigil died. Plaintiffs claim these policies and procedures caused Mr. Vigil's death. Furthermore, Plaintiffs seek broad policy changes to ensure that detainees and inmates with disabilities do not experience discrimination. The policies and procedures requested by Plaintiffs are directly relevant to Plaintiffs' claims, and will certainly lead to the discovery of admissible

Ms. Suzanne Fasing
March 28, 2008
Page 7

evidence.  You state that all policies are responsive.  Please identify them with the information outlined in our instructions.  If you have any authority to support your objection, please provide it.

> *Interrogatory #11*
>
> *Identify all complaints received by any Defendant between January 1, 2000 and the present relating to alleged discrimination against, communication with and/or the provision of accommodations to inmates with disabilities at PADF and/or DCJ, identify all documents relating to such complaints and identify any individuals with knowledge of such complaints.*

Again, and as we discussed on the telephone, this information is directly related to Plaintiffs' claims.  My understanding is that you believe a large number of kites exist in which inmates and detainees have complained about a number of issues, most of which are without merit.  Plaintiffs contend that information will certainly lead to the discovery of admissible evidence. While I understand that producing these documents takes some effort on Defendants' part, Defendants still have the obligation to respond to this interrogatory, and we want these documents made available to us for inspection and copying.  Certainly complaints received by IAB and the OIM offices are easily identifiable and easily produced, yet Defendants produced none of them.  Plaintiffs limited their request to a reasonable and relevant time period.  If you have any authority to support your objection, please provide it.

> *Requests for Production*
>
> 1.  *All documents identified in, or referred to in any Defendants' Fed. R. Civ. P. 26(a) disclosures.*
> 2.  *All documents identified in, or referred to in answering, any Interrogatory.*
> 3.  *All documents related to the detention of Shawn Francisco Vigil at either the PADF or the DCJ.*
> 4.  *All documents related to the detention of Roger Krebs at the PADF.*
> 5.  *All documents that set forth any policy, practice or procedure relating to compliance with the ADA or the Rehabilitation Act at the PADF, DCJ or Denver Sheriff's Department.*

As noted above, and during our telephone discussions, and our discussion at your office last week, Defendants did not produce the entire IAB file on Shawn Vigil, nor have Defendants produced the related video and audiotapes.  It is also unclear whether Defendants have produced all electronic files pertaining to Roger Krebs and Shawn Vigil, or infirmary files pertaining to Roger Krebs and Shawn Vigil.

Ms. Suzanne Fasing
March 28, 2008
Page 8

Defendants only produced portions of the policy and procedure manual for the PADF and the DCJ. Despite stating that every policy and procedure is responsive to Interrogatory #10, you contend that our document productions do not compel production of the entire policy manual. We disagree. We specifically request documents identified in or referred to in answering any interrogatory. We are entitled to the entire document, not only the pages that you deem relevant.

**Supplemental Disclosures and Responses**

As you are aware, parties have a continuing obligation to supplement disclosures and discovery responses. Can you please advise as to when we can receive supplemental disclosures and discovery responses now that the Second Amended and Supplemental Complaint has been accepted for filing? Plaintiffs' Second Supplemental Rule 26(a) disclosures have been sent contemporaneously with this letter.

Finally, as noted in my email from earlier this morning, Plaintiffs wish to conduct records depositions of individual(s) who are knowledgeable about records maintained by the PADF/DCJ, IAB and OIM, as well as the Denver Police. Can you please forward the names of the individuals who can best describe the categories and classes of records maintained by Defendants? I would like to conduct those depositions in the next couple of weeks. Can you also forward your available dates between now and April 17, 2008?

As noted above, I am happy to meet with you if you believe that would be helpful in resolving this discovery dispute. If you have any questions, please feel free to call or email. I look forward to hearing from you.

Very truly yours,

Carrie Ann Lucas

cc:     Amy F. Robertson, Esq. (Via email)
        Laura Schwartz, Esq. (Via email)
        Paula Greisen, Esq. (Via email)