IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No.  07-cv-01814-WDM-MJW

DEBBIE ULIBARRI;
ESTATE OF SHAWN FRANCISCO VIGIL;
COLORADO CROSS-DISABILITY COALITION, a Colorado Corporation;
COLORADO ASSOCIATION OF THE DEAF, a Colorado Corporation;
ROGER KREBS;
SARAH BURKE;

       Plaintiffs,

v.

CITY & COUNTY OF DENVER, INCLUDING ITS SHERIFF DEPARTMENT, AND ITS
POLICE DEPARTMENT;
ALVIN LACABE, in his official capacity as Manager of Public Safety for the City & County of
Denver, and in his individual capacity;
WILLIAM LOVINGIER, in his official capacity as the Director of Corrections and Undersheriff
for the City & County of Denver, and in his individual capacity;
RON D. FOOS, in his official capacity as Division Chief for the County Jail Division for the
City & County of Denver, and in his individual capacity;
GARY WILSON, in his official capacity as Division Chief for the Pre-Arraignment Detention
Facility Division, and in his individual capacity;
GERALD R. WHITMAN, in his official capacity as Chief of Police, and in his individual
capacity.

       Defendants.

---

### REPLY BRIEF IN SUPPORT OF PLAINTIFFS'
### MOTION TO COMPEL DISCOVERY RESPONSES

---

      Plaintiffs, Debbie Ulibarri on behalf of herself and as Personal Representative of the

Estate of Shawn Francisco Vigil, Colorado Cross-Disability Coalition, Colorado Association of

the Deaf, Roger Krebs, and Sarah Burke by and through their attorneys, Carrie Ann Lucas and

Kevin W. Williams of the Colorado Cross-Disability Coalition, King & Greisen, LLC, and Fox

& Robertson, P.C., hereby submit their Reply Brief in Support of Plaintiffs' Motion to Compel Discovery Responses, and as grounds state:

## INTRODUCTION

Plaintiffs demonstrated in their Motion to Compel Discovery Responses ["Motion;" Docket No. 57], that Defendants failed to produce required documents and had improperly redacted others. Defendants' Response Objecting to Motion to Compel Discovery Responses ["Response;" Docket No. 64], fails to rebut that showing:

- Defendants did not object to the number of interrogatories in their discovery responses – thereby waiving that argument – and the number of interrogatories is well within the limits of the Scheduling Order [Docket No. 26];

- Plaintiffs' Complaint alleges discrimination on a wide range of disabilities; where policies and practices are at issue, discovery is not, in any event, limited to the disabilities of the Plaintiffs;

- Defendants' own practices in other cases demonstrate that Plaintiffs' discovery requests are not burdensome;

- Defendants fail to demonstrate why a protective order cannot ensure the confidentiality of redacted information; and

- Defendants have not properly signed their responses under oath.

## ARGUMENT

### I.   Plaintiffs have not exceed the discovery limitations of the Scheduling Order

Defendants' argument that Plaintiffs' interrogatories exceed the discovery limitations

outlined in the Scheduling Order fails for two reasons:  Defendants raise this objection for the first time in their Response brief, and as such the objection was waived; and Plaintiffs interrogatories do not exceed discovery limitations as set forth in the Scheduling Order.

      A.     <u>Defendants waived this objection because it was not timely raised.</u>

      Plaintiffs propounded discovery requests to Defendants, and in their responses Defendants raised a number of objections to several interrogatories.  *See* Defendants' Response to Plaintiffs' First Set of Written Discovery Propounded to Defendants, attached hereto as Exh. A.  Defendants, in their responses, did not object to any of the interrogatories on the basis that the number of interrogatories exceeded the discovery limitations of the Scheduling Order.  As such, Defendants waived this objection.  "Any ground not stated in a timely objection is waived unless the party's failure to object is excused by the court for good cause shown."  *Pham v. Hartford Fire Ins. Co.*, 193 F.R.D. 659, 661 (D. Colo. 2000).  Defendants neither raised their objection in a timely manner, nor have they demonstrated any reason for their failure to object. "[W]hen a party fails to assert an objection in its initial response to the discovery request and raises it for the first time in response to a motion to compel, the objection is deemed waived." *Cardenas v. Dorel Juvenile Group, Inc.*, 230 F.R.D. 611, 621 (D. Kan. 2005). *See also In re U.S.*, 864 F.2d 1153, 1156 (5th Cir 1989) (*holding that* "when a party fails to object timely to interrogatories, production requests, or other discovery efforts, objections thereto are waived."); *Starlight Int'l, Inc. v. Herlihy*, 181 F.R.D. 494, 496 (D. Kan.1998) (quoting Fed.R.Civ.P. 33(b)(4) ("untimely objections are 'waived unless the party's failure to object is excused by the court for good cause shown.'")).

Plaintiffs ask the Court to order Defendants to provide complete responses to the four interrogatories at issue in their Motion.

B.   Plaintiffs' Interrogatories do not exceed the discovery limitations of the Scheduling Order.

Defendants claim that each clause of Plaintiffs' Interrogatories are separate and discrete subparts, and if counted as such, cause Plaintiffs to exceed the discovery limitations outlined in the Scheduling Order.  Defendants' rationale is false.

Plaintiffs do not dispute that a discrete subpart is calculated as a separate interrogatory, nor do Plaintiffs dispute Defendants' recitation of the law on this issue.  Plaintiffs do dispute, however, Defendants' application of the term "discrete."  Rather than asking separate and distinct questions, as Defendants claim, Plaintiffs' interrogatories are "directed at eliciting details concerning [a] common theme," *Williams v. Board of County Com'rs of Unified Government of Wyandotte County and Kansas City, Kan.*, 192 F.R.D. 698, 701 (D. Kan. 2000) (internal citation omitted).  Defendants argue simple subparts are "discrete" subparts by adding language, not included in the interrogatory, to each subpart in an attempt to make the subparts discrete. Interrogatory requests must be analyzed as they are drafted, not after being amended by Defendants.  Plaintiffs' interrogatories do contain subparts, but those subparts are not separate questions, as they are simply eliciting details concerning the common theme.

While Plaintiffs believe Defendants' argument has been waived for failing to make a timely objection, only four interrogatories are in dispute in this Motion to Compel.  Even if the Court adopts Defendants' extreme position on these four interrogatories, Plaintiffs still have not

exceeded the limits of the Scheduling Order.  Plaintiffs request that the Court order Defendants

to provide complete responses to the four interrogatories at issue in their Motion.

**II.      Plaintiffs' discovery requests are neither overly broad nor unduly burdensome.**

As demonstrated in their Motion to Compel, Plaintiffs' interrogatories are not overbroad.

Because Defendants have failed to rebut Plaintiffs' arguments, the Plaintiffs ask that this court

order Defendants to respond to Plaintiffs' requests.

A.      Plaintiffs are entitled to discovery about Defendants' treatment of detainees and inmates with disabilities.

Plaintiffs are entitled to information about treatment of individuals with all types of

disabilities.  This information is plainly relevant to Plaintiffs' claims.  As noted in Plaintiffs'

Motion, one party, the Colorado Cross-Disability Coalition ("CCDC"), has alleged

discrimination on behalf of members with disabilities other than deafness and diabetes.

Treatment of detainees and inmates with disabilities other than deafness and diabetes is directly

relevant, not only to Plaintiff CCDC's claims, but to the other individual and organizational

Plaintiffs' pattern and practice claims.  In any event, discoverability is not limited to information

contained in the pleadings, but rather to information that is reasonably calculated to lead to the

disclosure of admissible evidence.  "[A] party is entitled as a general matter to discovery of any

information sought if it appears 'reasonably calculated to lead to the discovery of admissible

evidence.'"  *Degen v. U.S.*, 517 U.S. 820, 825 (1996) *quoting* Fed. R. Civ. Proc. 26(b)(1).

"[T]he scope of discovery under the federal rules is broad and [] 'discovery is not limited to

issues raised by the pleadings, for discovery itself is designed to help define and clarify the

issues.'"  *Gomez v. Martin Marietta Corp.*, 50 F.3d 1511, 1520 (10th Cir.1995), *citing*

*Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 (1978).   Defendants' treatment of any

disabled inmate – regardless of the disability – is relevant to Plaintiffs' pattern and practice

claim.  They are entitled to learn how requests are made, processed and responded to (or not)

regardless of the disability or accommodation in question.

Notwithstanding the foregoing, it appears as if Defendants now contend that all

responsive information was provided to Plaintiffs though disclosures.  If this is the case,

Plaintiffs simply request that Defendants provide supplemental discovery responses indicating

such, and provide verification from all Defendants to whom the discovery requests were

addressed.  If this is not the case, Plaintiffs request that this Court order Defendants to respond to

this interrogatory.

 B. <u>Defendants refuse to produce policy manuals and order books.</u>

In their Motion, Plaintiffs demonstrated the relevancy of information concerning

Defendant's policies, practices, and procedures, in the form of written policy manuals and

Department Order books.  Defendants have failed to rebut Plaintiffs' argument.  Instead,

Defendants characterize Plaintiffs' attempts to limit their request in an attempt to resolve this

dispute as substituting a different interrogatory.  This is false.  Nonetheless, Plaintiffs are willing

to withdraw this interrogatory, and propound new interrogatories and requests for production of

documents. *See* Plaintiffs Third Set of Written Discovery Propounded to Defendants, attached

hereto as Exh. B.   Plaintiffs served these document requests contemporaneously with the filing

of this Reply.  Plaintiffs are concerned, however, that in their Response, Defendants indicate that

even if Plaintiffs propound specific requests, Defendants will continue to refuse to produce the documents.  Plaintiffs have other similar document requests awaiting response from Defendants.[1] Since the issue is now fully briefed, in the interest of judicial economy, Plaintiffs request that the Court address this issue so that the matter can be decided without further dispute and delay.

Plaintiffs have alleged that many of Defendants' policies result in discrimination for inmates, and detainees with disabilities at Defendants' jails, and that these policies led to mistreatment of Sarah Burke and Roger Krebs, and the death of Shawn Vigil. As argued in Plaintiffs' Motion, this information is directly relevant to Plaintiffs claims.

"Relevancy is broadly construed at the discovery stage of the litigation and a request for discovery should be considered relevant if there is any possibility the information sought may be relevant to the subject matter of the action." *Smith v. MCI Telecommunications Corp.*, 137 F.R.D. 25, 27 (D. Kan. 1991).  "[D]iscovery should ordinarily be allowed unless it is clear that the information sought can have no possible bearing on the subject matter of the action." *Snowden By and Through Victor v. Connaught Laboratories, Inc.*, 137 F.R.D. 336, 341 (D. Kan. 1991).

In this case, Plaintiffs not only allege deficient policies, practices and procedures, but also seek injunctive relief to change those policies, practices and procedures.  Defendants claim

---

[1]  Plaintiffs served their Second Set of Written Discovery Requests Propounded to Defendants on July 1, 2008.  Included in their Requests for Production, Plaintiffs requested "The entire Denver Police Department operations manual."

that every policy at its jails and detention facilities somehow relates to the supervision, observation, and monitoring of inmates and detainees.  Plaintiffs will be unable to proffer nondiscriminatory policies that take into account legitimate penological interests if Defendants refuse to disclose what those interests are.

Plaintiffs request that this court rule that the operations manuals and Department Order books are within the scope of discovery.

C.   Plaintiffs are entitled to information about complaints and grievances

In their Motion, Plaintiffs demonstrated the relevance of information about complaints and grievances.  Defendants have failed to rebut that argument.  Defendants now attempt to provide support for their claim that producing this information is burdensome.  However, Defendants' own practices in other cases demonstrate that the requests are not burdensome.

While Sgt. Gillespie outlines the number of files that may contain relevant information, and outlines the amount of time it would take *her* to search the files,[2] she does not indicate that it would be burdensome for Defendants to produce all of the files, and allow Plaintiffs to do the searching for relevant complaints, as Plaintiffs have suggested.  In fact, Defendants provide no support for their contention that producing the documents for Plaintiffs to review is burdensome.  In other, unrelated litigation, Defendant City & County of Denver has produced documents in this manner, and in that case, has produced far more documents than those identified by Sgt.

---

[2]  Plaintiffs' counsel have a great deal of experience reviewing large volumes of potentially relevant documents.  Plaintiffs believe that it will take far less than twenty minutes per grievance to determine the relevancy of a particular grievance.  *See* Decl. of Kevin W. Williams Decl. ¶ 4-7, attached hereto as Exh. C.

Gillespie, for Plaintiffs' counsel to review.  Counsel on this case, Kevin W. Williams and Amy

F. Robertson are counsel on this other case involving Defendant City & County of Denver.  In

that case Defendant City & County of Denver has produced many more pages of documents than

are anticipated by this Interrogatory and corresponding Request for Production.  *See* Williams

Decl., ¶ 4-5.   While Defendants argue that producing these files is burdensome, that claim

makes no sense given Defendant City & County of Denver's actions in other litigation.

D.      <u>Plaintiffs' requests are not overly broad.</u>

Defendants reliance on *Williams*, 192 F.R.D. 698, 701 and *Horizon Holdings, L.L.C. v.*

*Genmar Holdings, Inc.*, 209 F.R.D. 208, 211 (D. Kan. 2002), to assert that the existence of

multiple subparts results in facially over broad interrogatories is false.  While *Williams* holds that

subparts may call breadth into question, by no means do subparts result in facial overbreadth.

*Williams* at 701.   *Horizon Holdings* does not reach the subpart question at all.  As Plaintiffs

demonstrated in their Motion, the discovery requests at issue are not overbroad.  They are

certainly not facially overbroad, and Defendants have failed to rebut Plaintiffs argument.

Plaintiffs request that the Court order Defendants to respond to the interrogatories.

Plaintiffs request that the Court order Defendants to produce for inspection, complaints,

including grievances.

**III.    Defendants have failed to demonstrate why a protective order will not ensure the confidentiality of redacted portions of documents.**

Defendants have failed to rebut Plaintiffs' arguments that the information contained in

the disputed redacted documents is not discoverable.  Defendants have similarly failed to

demonstrate why either the current, or a more restrictive, protective order would fail to protect the sensitive nature of the redacted information.  Plaintiffs understand the sensitive nature of some of Defendants' redactions.[3]   As explained in Plaintiffs' Motion, information concerning classification, housing, and officer or deputy responsibilities are directly relevant to Plaintiffs' claims.  As noted *supra*, relevancy is broadly construed at this phase of the litigation.  If the Court deems that the Protective Order [Docket 35], is insufficient to ensure confidentiality of the redacted information, Plaintiffs are willing to stipulate to a more restrictive protective order that limits access to the unredacted information to attorneys and attorney's staff, as well as expert witnesses who need to review the unredacted material when formulating expert reports.  Plaintiffs request that the Court order Defendants to provide unredacted versions of the disputed material, subject to a protective order.

**IV.   Defendants have properly signed interrogatory responses under oath**.

Defendants have failed to rebut Plaintiffs arguments that their discovery responses must be signed under oath by the defendant to whom they are addressed.  Defendants provide no legal authority for their contention that the individual defendants do not need to verify discovery responses.  Plaintiffs respectfully request that the Court order Defendants to comply with Fed.R.Civ.P. 33(b)(5).

---

[3]  Defendants have proffered no explanation as to how information about information that is of such a sensitive nature as to preclude discovery in the face of a protective order, is readily available to the public. *See* Motion page 15-16.

**CONCLUSION**

Plaintiffs demonstrated in their Motion that Defendants failed to produce required documents and had improperly redacted others.  Defendants' Response fails to rebut that showing.  Plaintiffs respectfully request that the Court grant their Motion to Compel Discovery Responses.

Respectfully submitted,

COLORADO CROSS DISABILITY COALITION

s/ Carrie Ann Lucas
Carrie Ann Lucas
Kevin W. Williams
655 Broadway, Suite 775
Denver, CO 80203
303.839.1775 (voice)
303.839.1782 (fax)
clucas@ccdconline.org
kwilliams@ccdconline.org

Laura E. Schwartz
Paula Dee Greisen
King & Greisen, LLP
1670 York Street
Denver, CO 80206
(303) 298-9878 (voice)
(303) 298-9879 (fax)
schwartz@kinggreisen.com
greisen@kinggreisen.com

Amy F. Robertson
Fox & Robertson, P.C.
910 16th Street, Suite 610
Denver, CO 80204
303.595.9700 (voice)
303.595.9705 (fax)
arob@foxrob.com

Dated: July 18, 2008                    Attorneys for Plaintiffs

<u>Certificate of Service</u>

I hereby certify that on July 18, 2008, I served the foregoing via the CM/ECF which will send electronic notice to:

Suzanne A. Fasing
Thom Bigler
Denver City Attorney's Office
Litigation Section
201 W Colfax Ave, Dept 1108
Denver, CO 80202


 s/ Carrie Ann Lucas
Carrie Ann Lucas
Attorney for Plaintiffs
Colorado Cross-Disability Coalition
655 Broadway
Suite 775
Denver, CO 80203
303.839.1775 (voice)
303.839.1782 (fax)
clucas@ccdconline.org