IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No.  **07-cv-1814-WDM-MJW**

DEBBIE ULIBARRI, et al.,

      Plaintiffs,

v.

CITY & COUNTY OF DENVER, INCLUDING
ITS SHERIFF DEPARTMENT, AND ITS POLICE DEPARTMENT, et al.,

      Defendants.

---

**ORDER REGARDING
(1) PLAINTIFFS' SECOND MOTION TO COMPEL DISCOVERY RESPONSES
(DOCKET NO. 90)
and
(2) PLAINTIFFS' MOTION TO AMEND SCHEDULING ORDER
(DOCKET NO. 91)**

---

**Entered by Magistrate Judge Michael J. Watanabe**

The matter is before the court on Plaintiffs' Second Motion to Compel Discovery Responses (Docket No. 90) and Plaintiffs' Motion to Amend Scheduling Order (Docket No. 91).  In the Second Motion to Compel Discovery Responses (docket no. 90), plaintiffs seek to compel (1) the production of the personnel and internal affairs files for the 60 individuals defendants identified in their initial disclosures as likely to have discoverable information that defendants may use to support their defenses and (2) complete responses to their interrogatories and requests for production to which defendants refuse to respond on the ground that plaintiffs have exceeded the limits contained in the Scheduling Order.  In the Motion to Amend Scheduling Order (Docket

2

No. 91), plaintiffs seek to amend the Scheduling Order (1) to provide for 50 additional depositions, 10 additional interrogatories, and 10 additional document requests and (2) to continue until four months after the resolution of pending discovery motions the current expert, dispositive motion, and discovery-cut-off deadlines.

The court has reviewed the subject motions, the supplement and the declaration in support of the second motion (Docket Nos. 95 and 92), the responses (Docket Nos. 103 and 100), and the reply (Docket No. 101).  The court has also taken judicial notice of the court's file and has considered applicable Federal Rules of Civil Procedure and case law.  The court now being fully informed makes the following findings of fact, conclusions of law, and order.

**FINDINGS OF FACT AND CONCLUSIONS OF LAW**

The court finds:

    1.    That I have jurisdiction over the subject matter and over the parties to this lawsuit;

    2.    That venue is proper in the state and District of Colorado;

    3.    That each party has been given a fair and adequate opportunity to be heard;

    4.    That substantially for the reasons stated in the response (Docket No. 103), plaintiffs' requests for the personnel and internal affairs files for all 60 potential defense witnesses defendants identified in their initial disclosures are overly broad, and plaintiffs have not

3

established that such files for all of these witnesses are relevant or reasonably calculated to lead to the discovery of admissible evidence. Furthermore, plaintiffs have failed to demonstrate a compelling state interest to justify such an intrusion into these files;

5. That plaintiffs have exceeded the allowable number of discovery requests. The Scheduling Order (Docket No. 26 at 12), as amended (Docket No. 54), limits interrogatories to 25 per side, including all discrete subparts, and requests for production of documents to 25 per side, including all discrete subparts. Plaintiffs served three sets of interrogatories and requests for production of documents, which the court has reviewed. Included in their interrogatories are requests for identification of witnesses and documents. Such requests included in the interrogatories are distinct subparts. See IOSTAR Corp. v. Stuart, 2008 WL 1924209 (D. Utah Apr. 25, 2008) (counting as subparts requests in the 25 interrogatories for certain substantive information, a separate identification of witnesses, and a separate identification of documents, for a total of 75 discreet subparts) ("Interrogatories with ask for 'substantive information, a separate identification of witnesses, and a separate identification of documents' are indeed compound, and have been held to have three discrete subparts.");

4

Banks v. Office of Senate Sergeant-at-Arms, 222 F.R.D. 7 (D.D.C. 2004) ("The first and most obvious example [of subparts] is the combining in a single interrogatory of a demand for information and a demand for the documents that pertain to that event. Clearly, these are two distinct demands because knowing that an event occurred is entirely different from learning about the documents that evidence it occurred. Thus, a demand for information about a certain event and for the documents about it should be counted as two separate interrogatories.");

6. That defendants' objections with respect to plaintiffs exceeding the number of allowable interrogatories and documents, while correct and well-founded, are nevertheless overruled in the interest of refining the claims in this case. Plaintiffs, however, have not addressed any of the other objections stated by defendants in their responses. Therefore, defendants need only respond to those requests, if any, for which there are no other objections. Furthermore, having already exceeded the permissible number of interrogatories and requests for productions (based on the discreet subparts), plaintiffs shall not be permitted to serve any additional discovery requests; and

7. That plaintiffs have not shown good cause for their request for

5

additional discovery, namely 50 additional depositions, 10 additional interrogatories, and 10 additional documents requests. In addition, plaintiffs have not established good cause for extending all of the deadlines yet again.  As correctly noted by defendants (see Docket No. 100 at 5), this court has already given plaintiffs very lengthy extensions to the original Scheduling Order deadlines, and these extensions were granted after plaintiffs filed their Second Amended Complaint (Docket No. 48), more than two months after defendants made their initial disclosures (which disclosed defendants' numerous potential witnesses), and after defendants served their response to plaintiffs' written discovery request on March 7, 2008.  Substantially for the reasons stated in the defendants' response (Docket No. 100), the Scheduling Order will not be amended further with the exception of an extension of time for expert disclosures, which will be discussed at a Status Conference set below.

## ORDER

**WHEREFORE**, based upon these findings of fact and conclusions of law, this court **ORDERS:**

1. That Plaintiffs' Second Motion to Compel Discovery Responses (Docket No. 90) is **DENIED;**

6

2. That Plaintiffs' Motion to Amend Scheduling Order (Docket No. 91) is **GRANTED IN PART AND DENIED IN PART**.  The motion is granted to the extent that the expert disclosure deadlines shall be addressed during a **Telephone Status Conference** which shall be held on **Friday, November 14, 2008, at 9:30 a.m.** in Courtroom A-502, Fifth Floor, Alfred A. Arraj U.S. Courthouse, 901 19th Street, Denver, Colorado.  Plaintiffs' counsel shall initiate the call and then call the court at (303) 844-2403.  The motion is denied in all other respects; and

3. That each party shall pay their own attorney fees and costs.

Done this 10th day of November 2008.

BY THE COURT

s/ Michael J. Watanabe
MICHAEL J. WATANABE
U.S. MAGISTRATE JUDGE