IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 07-cv-01814-WDM-MJW

DEBBIE ULIBARRI, et al.,

    Plaintiffs,

v.

CITY & COUNTY OF DENVER, INCLUDING ITS SHERIFF DEPARTMENT, AND ITS POLICE DEPARTMENT, et al.,

    Defendants.

---

## MINUTE ORDER

**Entered by Magistrate Judge Michael J. Watanabe**

    It is hereby **ORDERED** that Defendants' Motion for Protective Order (docket no. 117) is **GRANTED.**

    It is **FURTHER ORDERED** that Plaintiffs' Motion for Leave to Take Deposition (docket no. 119) is **GRANTED** finding "good cause (reason)" shown pursuant to Roberts v. State of Oklahoma, 110 F.3d 74 (10th Cir. 1997) (table), and Sentry Ins. v. Shivers, 164 F.R.D. 255, 256 (D. Kan 1996). Plaintiffs are permitted to take second Fed. R. Civ. P. 30(b)(6) deposition(s) of the City of Denver Officers on those topics as outlined in the Plaintiffs' Amended Notice of Deposition of City and County of Denver pursuant to Fed. R. Civ. P. 30(b)(6) but shall not be permitted to ask cumulative questions that were already addressed during the April 18 and May 1, 2008, depositions. This court is limiting these second depositions as outlined above consistent with Fed. R. Civ. P. 26(b)(2).

    It this case, Plaintiffs conducted Rule 30(b)(6) depositions on three of the City of Denver Officers on April 18 and May 1, 2008. Those three Officers were Richard Rosenthal, Mary Dulacki, and Edward Neuberg. *See* exhibit A attached to the subject motion (docket no. 117). On December 2, 2008, Plaintiffs served Defendants with a copy of Plaintiffs' Amended Notice of Deposition of City and County of Denver pursuant to Fed. R. Civ. P. 30(b)(6). *See* exhibit B attached to the subject motion (docket no. 117). The Plaintiffs did not seek leave of court before serving their Amended Notice of Deposition of City and County of Denver pursuant to Fed. R. Civ. P. 30(b)(6) as required under Fed. R. Civ. P. 30(a)(2)(ii), and therefore Defendants' Motion for Protective Order (docket no. 117) should be granted.

It is within the court's sound discretion to allow or not allow a second deposition pursuant to <u>Roberts v. State of Oklahoma</u>, 110 F.3d 74 (10th Cir. 1997). The Tenth Circuit has defined abuse of discretion as "an arbitrary, capricious, whimsical, or manifestly unreasonable judgment." *Id.* In this case, Plaintiffs now seek a second Fed. R. Civ. P. 30(b)(6) deposition(s) from the City of Denver on different substantive topics that were not addressed in the earlier records depositions conducted on April 18 and May 1, 2008. Under these facts, this court finds that Plaintiffs have demonstrated "good cause (reason)" for a second deposition(s) pursuant to <u>Sentry Ins. v. Shivers</u>, 164 F.R.D. 255, 256 (D. Kan 1996), and therefore Plaintiffs' Motion for Leave to Take Deposition should be granted.

Date: January 28, 2009

_____