IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No.  07-cv-01814-WDM-MJW

DEBBIE ULIBARRI, et al.,

     Plaintiffs,

v.

CITY & COUNTY OF DENVER, INCLUDING ITS SHERIFF DEPARTMENT, AND ITS
POLICE DEPARTMENT, et al.,

     Defendants.

---

**ORDER REGARDING:
(1) DEFENDANTS' MOTION TO QUASH SUBPOENA (DOCKET NO. 110)
AND
(2) DENVER HEALTH'S MOTION TO ENFORCE TERMS OF THE *RICE* CASE
PROTECTIVE ORDER AND SUBMISSION OF DOCUMENTS FOR *IN CAMERA*
REVIEW (DOCKET NO. 129)**

---

**Entered by Magistrate Judge Michael J. Watanabe**


     This matter was before the court on November 24, 2008, for oral argument on

Defendants' Motion to Quash Subpoena (docket no. 110) and Denver Health's Motion

to Enforce Terms of The *Rice* Case Protective Order and Submission of Documents for

*In Camera* Review (docket no. 129). The court has considered the above captioned

motions, the responses, and replies.  In addition, the court has reviewed, *in camera*, the

deposition transcripts of Gary Wilson, William Lovingier, Phillip Deeds, Kelly Costin,

James Leahy, and Carmen Kassatly and the PADF Policies and Procedure Manual (No

Redactions) and the PADF Procedure Manual (With Redactions) as well as the written

Defendants' Privilege Log relating to the PADF Policies and Procedure Manual (No

Redactions).  The court has also taken judicial notice of the court's file and has

considered applicable Federal Rules of Civil Procedure and case law. Lastly, the court

has considered oral argument presented by the parties through counsel. The court now

being fully informed makes the following findings of fact and conclusions of law.

## FINDINGS OF FACT AND CONCLUSIONS OF LAW

This court finds:

1.   That I have jurisdiction over the subject matter and over the parties
     to this lawsuit;

2.   That each party has been given a fair and adequate opportunity to
     be heard;

3.   That venue is proper in the state and District of Colorado;

4.   That Denver Health is a not a party to the present lawsuit but was a
     party to the <u>Rice</u> case, and Denver Health is an interested  non-
     party with respect to the documents currently at issue before this
     court;

5.   That the parties to this lawsuit do not oppose the production of the
     depositions of Kelly Costin, William Lovingier, or Phillip Deeds or
     the expert report of Thomas Rosazza. The Defendants request
     that this court withhold PADF and DCJ policy documents, portions
     of the depositions of Gary Wilson and James Leahy, and portions
     of the expert reports of Drs. Paris and Greifinger that contain
     confidential medical information concerning Emily Rice. Non-party
     Denver Health requests that this court withhold portions of the
     deposition of Carmen Kassatly and the entire expert reports of Drs.

Paris and Greifinger;

6.    That on November 19, 2008, Plaintiffs served a subpoena *duces tecum* on Killmer, Lane and Newman, LLP, the attorneys for the plaintiffs in the Estate of Rice v. City and County of Denver, Case No. 07-cv-01571-MSK-BNB (D. Colo.) requesting:

> [a]ll depositions, documents and reports received from the City and County of Denver and/or Denver Department of Healthy and Hospitals (d/b/a "Denver Health Medical Center") and/or any other defendant in the case of the Estate of Rice v. City and County of Denver, Case no. 07-cv-01571-MSK-BNB that relevant to the claims and issues in the [Ulibarri] case.

At the time that Plaintiffs served the subpoena *duces tecum*, the Plaintiffs were aware that there was a protective order entered in the Rice case by Magistrate Judge Boland dated November 9, 2007.  *See* docket no. 108 in the Rice case.  The Plaintiffs were also aware of a protective order that this court entered in the case at bar.  *See* protective order (docket no. 35);

7.    That on November 20, 2008, the Defendants moved through the subject motion (docket no. 110) to quash such subpoena *duces tecum*;

8.    That at the hearing on November 24, 2008, Plaintiffs informed this court that they have narrowed the scope of their subpoena *duces tecum.*  Plaintiffs are not seeking any social security numbers, any medical records, or any surveillance videos.  Plaintiffs have limited their overall request to three narrow sets of documents: (1) the

depositions of Gary Wilson, William Lovingier, Phillip Deeds, Kelly

Costin, James Leahy, and Carmen Kassatly; (2) the expert reports

of Thomas Rosazza, Robert Greifinger, M.D.; and Joseph E. Paris,

M.D.; (3) and City policy and procedure documents relating to the

operation of the Pre-Arraignment Detention Facility ("PADF") and/or

jail.  *See* Robertson Decl., Exhibit 3 attached to Plaintiffs' response

(docket no. 114) and the oral representations made by Plaintiffs'

counsel at the hearing conducted by this court on November 24,

2008;

9.      That the protective order (docket no. 108) entered in the Rice case

by Magistrate Judge Boland on November 9, 2007*, states, *in*

*pertinent part,* the following:

> 2.      The purpose of this Protective Order is to preclude
> disclosure of Confidential Information to any person or
> entity **not subject to this litigation** as defined in this
> Protective Order...

> 3.      The Parties have entered into this Stipulation and
> request the Court enter the within Protective Order for
> the purpose of preventing the disclosure and use of
> Confidential Information and Protected Health
> Information except as set forth herein, and prohibiting
> the Parties from using or disclosing the Confidential
> Information and Protected Health Information **for any**
> **purpose other than this litigation. . . .**

> 7.      . . .  "Confidential Information" may include **but is not**
> **limited to:**

>> a.      Medical Records and/or "Protected Health
>> Information";

  b.  The Parties and/or their representatives'
     personnel files;

  c.  Peer review and quality assurance documents;

  d.  Internal affairs investigation files;

  e.  [deleted];

  f.  other documents related to Plaintiffs' claims or
     the Parties investigations in this action;

  g.  Personal financial, and tax information and/or
     identification materials of the parties; and,

  h.  Educational and training files of the parties. . . .

12.  Responses to discovery requests are designated
    CONFIDENTIAL by imprinting the word
    "CONFIDENTIAL" next to or above the response. . . .

20.  In the event necessary for the Parties to file
    CONFIDENTIAL Information with the Court in
    connection with any proceeding or motion, **the
    CONFIDENTIAL Information shall be filed in
    accordance with the requirements of
    D.C.COLO.LCivR 7.2**. . . .

22.  The Termination of this action shall not relieve
    counsel or other persons obligated hereunder from
    their responsibility to maintain the confidentiality of
    CONFIDENTIAL Information pursuant to this
    Protective Order and the terms and requirements of
    this Protective Order shall survive the termination of
    this action.

10.  That both the <u>Rice</u> case and the case at bar concern the death of

inmates while being held in Defendants' custody within six months

of each other, who were subject to the same medical and

supervisory policies and who were seen by some of the same

Defendant personnel;

11. That the decision to issue a protective order rests within the sound discretion of the trial court. <u>Wang v. Hsu</u>, 919 F.2d 130, 130 (10th Cir. 1990). Such protection is warranted upon a showing of good cause, to "protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." Fed. R. Civ. P. 26(c). Generally, the "good cause" determination requires the court to balance the party's need for the information against the injury which might result from unrestricted disclosure. <u>Exum v. United States Olympic Committee</u>, 209 F.R.D. 201, 206 (D. Colo. 2002);

12. That "[p]ursuant to Rule 45, the Court may modify a subpoena or specify the conditions of production if the subpoena seeks trade secrets or other confidential information. . . . The decision to modify or specify conditions of production rests with the sound discretion of the trial court. . . . In determining the proper level of protection, the Court must balance the requesting party's need for the discovery against the resisting party's claimed harm that will result from disclosure." <u>Covelo Clothing, Inc. v. Atlandia Imports, Inc.</u>, 2007 WL 4287731 (D. Colo. Dec. 5, 2007) (citations omitted);

13. That the Tenth Circuit has defined abuse of discretion as "an arbitrary, capricious, whimsical, or manifestly unreasonable judgment." <u>RoDa Drilling Co. v. Siegal</u>, – F.3d –, 2009 WL 117018

(10th Cir. Jan. 20, 2009);

14.     That "[f]ederal common law recognizes an 'official information' privilege that extends to the security considerations applicable to correctional facilities." <u>Whitington v. Sokol</u>, 2008 WL 435277, at * 1 (D. Colo. Feb. 14, 2008) (citing <u>Jackson v. Brinker</u>, 147 F.R.D. 189, 202 (S.D. Ind. 1993) (acknowledging the judicial deference due to prison managers in matters of institutional management); <u>Thornburg v. Abbott</u>, 490 U.S. 401, 415 (1989) (stating that the legitimacy of the goal of protecting prison security is "beyond question"); <u>Toussasint v. McCarthy</u>, 801 F.2d 1080, 1104 (9th Cir. 1986) ("Courts must accord wide-ranging deference to prison administration 'in the adoption and execution of policies and practices that in their judgment are needed to preserve internal order an discipline and to maintain institutional security'")). "It should be noted, however, that the official information privilege is not absolute. In determining what level of protection should be afforded by this privilege, courts conduct a case by case analysis, in which the interests of the party seeking discovery are weighed against the interests of the government entity asserting the privilege." <u>Id.</u> at *1-2 (citing <u>Soto v. City of Concord</u>, 162 F.R.D. 603, 613 (N.D. Cal. 1995));

15.     That the information sought in the subpoena *duces tecum* is relevant to the issues in the pending action;

16. That this court can issue a written Order that will protect the confidentiality of all of the parties involved in the <u>Rice</u> case as well as all of the parties in the case at bar;

17. That the redacted pages in the PADF Policies and Procedure Manual, as outlined in Defendant's Privilege log, show that such information on these redacted pages contains information that if disclosed, could compromise the safety of the staff and inmates at the jail and the safety of the public and could compromise security of the facility in matters such as inmate escape or the release of an inmate who is not eligible for release. Therefore, such redacted pages should be protected and not released to Plaintiff since the need for confidentiality of such redacted pages for security reasons outweighs the need for disclosure pursuant to the Federal common law "Official Information Privilege;"

18. That the deposition testimony of Gary Wilson on pages 67, line 1, through page 71, line 9; page 107, line 13, through page 109, line 9; and page 171, line 7, through page 172, line 25, involves testimony regarding employee discipline and is protected pursuant to § 24-72-204(3)(a)(II)(A) and <u>Martinelli v. District Court</u>, 612 P.2d 1083 (Colo. 1980), and therefore the above portions of Mr. Wilson's deposition transcript should be redacted. That page 101, line 9, through page 106, line 11; page 122, line 20, through page 132, line 21; and page 144, line 9, through page 145, line 2, of Mr.

Wilson's deposition transcript contains testimony regarding confidential medical information about Emily Rice, and therefore the above portions of Mr. Wilson's deposition transcript should be redacted;

19.     That the deposition testimony of James Leahy on page 149, lines 12 through 23, and page 150, line 1, through page 155, line 14, involves testimony that is covered by the Official Information Privilege, and therefore the above portions of Mr. Leahy's deposition transcript should be redacted;

20.     That the deposition testimony of Carmen Kassatly on page 144, line 10, through page 155, line 4; page 159, line 14, through page 190, line 14; page 193, line 18, through page 199, line 10; and, page 202, line 12, through page 206, line 25, involves testimony regarding employee discipline and is protected pursuant to § 24-72-204(3)(a)(II)(A) and <u>Martinelli v. District Court</u>, 612 P.2d 1083 (Colo. 1980), and therefore the above portions of Ms. Kassatly's Wilson's deposition transcript should be redacted; and,

21.     That the expert reports of Dr. Joseph E. Paris and Dr. Robert B. Greifinger contain information regarding confidential medical information about Emily Rice, and such portions of these reports should be redacted;

## ORDER

**WHEREFORE**, based upon these findings of fact and conclusions of law, this

court **ORDERS**:

1. That Defendants' Motion to Quash Subpoena (docket no. 110) is **DENIED**;

2. That Denver Health's Motion to Enforce Terms of The *Rice* Case Protective Order and Submission of Documents for *In Camera* Review (docket no. 129) is **DENIED**;

3. That Defendants shall provide to Plaintiffs on or before February 18, 2009, the following documents:

   a. a copy of the expert opinions of Drs. Paris and Greifinger redacting (excluding) all portions of the opinions that contain confidential medical information of Emily Rice;

   b. a copy of the expert opinion of Thomas Rosazza redacting (excluding) all portions of the opinion that contain confidential medical information of Emily Rice;

   c. a copy of the deposition transcripts of Kelly Costin, William Lovingier, and Phillip Deeds;

   d. a copy of the deposition transcript of Gary Wilson redacting (excluding) on pages 67, line 1, through page 71, line 9; page 107, line 13, through page 109, line 9; and page 171, line 7, through page 172, line 25; page 101, line 9, through page 106, line 11; page 122, line 20, through page 132, line 21; and page 144, line 9, through page 145, line 2;

  e. a copy of the deposition transcript of Carmen Kassatly and redacting (excluding) on page 144, line 10, through page 155, line 4; page 159, line 14, through page 190, line 14; page 193, line 18, through page 199, line 10; and, page 202, line 12, through page 206, line 25;

  f. a copy of the deposition transcript of James Leahy redacting (excluding) on page 149, lines 12 through 23, and page 150, line 1 through page 155, line 14; and,

  g. a copy of the redacted version of PADF Policies and Procedure Manual;

4. That the parties may use those documents listed in paragraph 3 a. through g., inclusive, above for the limited purpose of the underlying lawsuit and for no other purpose and that such documents shall be subject to the protective order (docket no. 35) issued in this case;

5. That the deposition transcripts of Gary Wilson, William Lovingier, Phillip Deeds, Kelly Costin, James Leahy, and Carmen Kassatly; and, the PADF Policies and Procedure Manual (No Redactions); the PADF Policies and Procedure Manual (With Redactions); the expert reports from Robert B. Greifinger, M.D., dated September 13, 2008, Joseph E. Paris, PhD, M.D., CCHP-A, dated September 14, 2008, and Tomas A. Rosazza dated September 15, 2008, that were all submitted for *in camera* review by this court shall all be

**SEALED** and not opened except by further Order of this Court; and,

6.    That each party shall pay their own attorney fees and costs for these motions.

Done this 4th day of February, 2009.

BY THE COURT

S/ Michael J. Watanabe
MICHAEL J. WATANABE
U.S. MAGISTRATE JUDGE