IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 07-cv-01814-WDM-MJW

DEBBIE ULIBARRI, et al.,

    Plaintiffs,

v.

CITY & COUNTY OF DENVER, INCLUDING ITS SHERIFF DEPARTMENT, AND ITS POLICE DEPARTMENT, et al.,

    Defendants.

---

### ORDER REGARDING
### DEFENDANTS' MOTION TO STRIKE EXPERT REPORTS OR FOR OTHER SANCTIONS (DOCKET NO. 146)

---

**Entered by United States Magistrate Judge Michael J. Watanabe**

This matter is before the court on Defendants' Motion to Strike Expert Reports or for Other Sanctions (docket no. 146). The court has reviewed the subject motion (docket no. 146), the Declaration of Amy F. Robertson in Opposition to Defendants' Motion to Strike Expert Reports or for Other Sanctions (docket no. 155), and Plaintiffs' Opposition to Defendants' Motion to Strike Expert Reports or Other Sanctions (docket no. 154). In addition, the court has taken judicial notice of the court's file and has considered applicable Federal Rules of Civil Procedure and case law. The court now being fully informed makes the following findings of fact, conclusions of law, and order.

**FINDINGS OF FACT AND CONCLUSIONS OF LAW**

The court finds:

1. That I have jurisdiction over the subject matter and over the parties to this lawsuit;

2. That each party has been given a fair and adequate opportunity to be heard;

3. That venue is proper in the state and District of Colorado;

4. That the Tenth Circuit applies a four-factor test for determining whether it is appropriate to strike an expert witness for late disclosure: (1) the prejudice or surprise in fact of the party against whom the excluded witnesses would have testified; (2) the ability of that party to cure the prejudice; (3) the extent to which waiver of the rule against calling unlisted witnesses would disrupt the orderly and efficient trial of the case or of other cases in court; and (4) bad faith or willfulness in failing to comply with the court's order. See Summers v. Missouri Pac. R.R. Sys., 132 F.3d 599, 604 (10th Cir. 1997); see also Jacobsen v. Deseret Book Co., 287 F.3d 936, 953 (10th Cir. 2002); and,

5. That Plaintiffs disclosed the identities of Drs. Pogrebin and Andrews on the deadline for expert disclosures and provided Dr. Andrews' report. As to Dr. Pogrebin, Plaintiffs did provide a lot of information required by Fed. R. Civ. P. 26(a)(2), including his qualifications, publications, compensation, and past testimony. Plaintiffs also

informed Defendants that no report was being provided at that time but would be forthcoming when additional information was available that Dr. Pogrebin needed.  *See* Robinson's Decl. Ex. 1.  Plaintiffs later provided Defendants with Dr. Pogrebin's report on December 23, 2008.  Moreover, Defendants have deposed Dr. Andrews on both her report and supplemental report, and therefore Defendants have suffered no prejudice as to Dr. Andrews.  That any prejudice as to Dr. Pogrebin's report being delivering to Defendants on December 23, 2008, can be cured by allowing a short extension of time to allow Defendants to take the deposition of Dr. Pogrebin, noting that no trial date has been set.  Lastly, that I do not find bad faith on behalf of Plaintiffs in their delivery of Dr. Pogrebin's report on December 23, 2008.

## ORDER

**WHEREFORE**, based upon these findings of fact and conclusions of law, this court **ORDERS**:

1. That Defendants' Motion to Strike Expert Reports or for Other Sanctions (docket no. 146) is **DENIED**;
2. That the deadline to complete discovery is extended to March 13, 2009, for the limited purpose of deposing Dr. Pogrebin;
3. That the parties shall forthwith meet and confer and set Dr. Pogrebin's deposition on or before March 13, 2009; and,

4. That each party shall pay their own attorney fees and costs for this motion.

Done this 4th day of February 2009.

BY THE COURT

S/ Michael J. Watanabe
MICHAEL J. WATANABE
U.S. MAGISTRATE JUDGE