IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
SENIOR JUDGE WALKER D. MILLER

Civil Action No. 07-cv-01814-WDM-MJW

DEBBIE ULIBARRI;
ESTATE OF SHAWN FRANCISCO VIGIL;
COLORADO CROSS-DISABILITY COALITION, a Colorado corporation;
COLORADO ASSOCIATION OF THE DEAF, a Colorado corporation;
ROGER KREBS; and
SARAH BURKE,

    Plaintiffs,

v.

CITY & COUNTY OF DENVER,

    Defendant.

**ORDER ON MOTION FOR CERTIFICATION OF RULE 54(b) JUDGMENT**

Miller, J.

This case is before me on the Amended Opposed Motion for Certification of Rule 54(b) Judgment (ECF No. 272) filed by former defendants Alvin LaCabe, William Lovingier, Ron D. Foos, Gary Wilson, and Gerald Whitman (the "Individual Defendants"). All claims against these defendants were dismissed pursuant to my order granting summary judgment in their favor on various civil rights claims asserted against them (ECF No. 265) and my order dismissing the remaining duplicative official capacity claims against them (ECF No. 281). The Individual Defendants now request that I issue a final judgment pursuant to Fed. R. Civ. P. 54(b). Plaintiffs oppose the motion and also filed a motion to strike (ECF No. 282) the Individual Defendants' reply brief. For the reasons set forth below, both motions will be denied.

## Background

This is a disability rights case concerning the arrest and detention of several deaf individuals by the members of Denver's Police and Sheriff Departments and the practices of those entities with respect to persons with disabilities. The persons arrested and detained are Shawn Vigil, now deceased and represented here by his Estate, Plaintiff Roger Krebs, and Plaintiff Sarah Burke. These individuals were arrested and held at Denver's Pre-arraignment Detention Facility ("PADF") and/or the Denver County Jail (the "Jail"). Mr. Vigil committed suicide while in the Jail. Plaintiff Burke was unable to bring needed medication and communicative devices upon her arrest, which resulted in discomfort and difficulties when she was released. Plaintiff Krebs did not receive a sign language interpreter at his arraignment and there is evidence to show that he was not able to meaningfully participate in the process.

Plaintiffs asserted Rehabilitation Act and Americans with Disabilities Act discrimination claims, various civil rights claims, and, with respect to Mr. Vigil's suicide, several negligence claims. The defendants were Denver and Individual Defendants in their official and individual capacities. In an order dated September 30, 2010 (ECF No. 265), I addressed a number of outstanding motions, including motions for summary judgment. I granted summary judgment in favor of all the defendants on the civil rights claims and on the claims against the Individual Defendants in their personal capacity, leaving only the disability discrimination and negligence claims pending. Thereafter, the claims against the Individual Defendants in their official capacities were dismissed since they were duplicative of the claim against Denver and only one defendant was needed. ECF No. 281.

Discussion

Fed. R. Civ. P. 54(b) provides:

When an action presents more than one claim for relief . . . or when multiple parties are involved, the court may direct the entry of a final judgment as to one or more, but fewer than all, claims or parties only if the court expressly determines that there is no just reason for delay.

The purpose of Rule 54(b) is "to avoid the possible injustice of a delay in entering judgment on a distinctly separate claim or as to fewer than all of the parties until final adjudication of the entire case by making an immediate appeal possible." *Okla. Turnpike Auth. v. Bruner*, 259 F.3d 1236, 1241 (10th Cir. 2001) (quoting 10 Charles A. Wright et al., FEDERAL PRACTICE AND PROCEDURE: CIVIL 2D § 2654 at 33 (1982)). Such orders are not to be made routinely in light of the limited purpose of Rule 54(b), which is to provide a recourse for litigants when dismissal of less than all of their claims will create undue hardship. *Id.* at 1242. Determining whether entry of final judgment is appropriate is a two step process: (1) the court must determine that the judgment is final; (2) the court must determine that there is no just reason for delay. *McKibben v. Chubb*, 840 F.2d 1525, 1528 (10th Cir. 1988) (citing *Curtiss-Wright Corp. v. General Elec. Co.,* 446 U.S. 1 (1980)). The second factor is left to the sound discretion of the court and may take into account judicial administrative interests as well as the equities involved; factors that may be considered include whether the claims under review are separable from the others and whether the nature of the claims are such that no appellate court would have to decide the same issues more than once even if there were subsequent appeals. *Curtiss-Wright*, 446 U.S. at 8.

The Individual Defendants' motion is not for the purpose of commencing an appeal but rather, apparently, simply to have finality. In their reply brief, the Individual Defendants

contend that delaying final judgment will cause them some hardship because some of them are retired and they will have to attend the trial without compensation. As this argument was raised for the first time in the reply brief I need not consider it.[1] *Hill v. Kemp*, 478 F.3d 1236, 1250 (10th Cir. 2007). Moreover, there are simple remedies for this alleged difficulty; presumably counsel is capable of determining whether these individuals need to attend the trial and making appropriate requests of this court to accommodate the parties. All claims against the Individual Defendants have been dismissed and to the extent that they are needed as witnesses final judgment would not alter that.

In contrast, Plaintiffs present adequate reasons for delaying final judgment with respect to these defendants. Immediate entry of judgment would mean that Plaintiffs would have to decide now whether to pursue an appeal, and, if an appeal is taken, would have to litigate both the remaining claims in this court and a partial appeal in the Tenth Circuit. Moreover, there is significant factual overlap between the dismissed claims and the pending claims, as all revolve around the treatment of Mr. Vigil, Ms. Burke, and Mr. Krebs during arrest and custody. This would result in precisely the type of piecemeal litigation and appeals that should be avoided.

I find that there are just reasons for delaying entry of final judgment in favor of the Individual Defendants. The purposes of Rule 54(b) are to prevent undue hardship if the delay of an appeal is precluded by a partial dismissal of claims or parties. Here, the Individual Defendants have no reason to appeal and have not identified any particular

---

[1] As noted, Plaintiffs seek to strike the reply brief because it raises new arguments for the first time. I need not strike the brief in order to disregard any arguments raised for the first time in the reply, and so I will deny Plaintiffs' motion to strike.

hardship that will result from waiting until all claims in this case are finally resolved for entry of final judgment.

Accordingly, it is ordered:

1. The Amended Opposed Motion for Certification of Rule 54(b) Judgment (ECF No. 272) is denied.

2. Plaintiffs' Motion to Strike Portions of the Individual Defendants' Reply (ECF No. 282) is denied.

DATED at Denver, Colorado, on April 6, 2011.

BY THE COURT:

s/ Walker D. Miller
United States Senior District Judge