IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

| | |
|---|---|
| DEBBIE ULIBARRI, et al., | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| vs. | )   Case No. 07-CV-1814-ODS |
| | ) |
| CITY & COUNTY OF DENVER, et al., | ) |
| | ) |
| Defendants. | ) |

### ORDER (1) DIRECTING PARTIES TO FILE JOINT STATUS REPORT AND (2) SETTING CASE FOR TRIAL

The Court has begun reviewing the Record in an effort to familiarize itself with this case, paying particular attention to Judge Miller's Orders of September 30, 2010, and June 28, 2011. From its review, the Court has gleaned the following:

1. The only remaining Defendant is the City and County of Denver.
2. The Estate of Shawn Vigil ("Vigil's Estate") has claims
   a. based on the ADA and the Rehabilitation Act, related solely to Vigil's detention and death,
   b. based on negligence (including negligent failure to train or supervise) related to Vigil's treatment during detention and his subsequent suicide.
3. Roger Krebs has claims based on the ADA and Rehabilitation Act relating solely to the manner in which his arraignment was conducted.
4. Sarah Burke has claims based on the ADA and Rehabilitation Act relating to actions taken during her arrest and the manner in which her release from custody was handled (but no claims based on her treatment while she was at the Pre-Arraignment Detention Facility).
5. Debbie Ulibarri (Vigil's mother) has a claim for wrongful death.
6. The individual plaintiffs may seek monetary relief, but are not eligible to seek injunctive relief.

6. Colorado Cross-Disability Coalition ("CCDC") and the Colorado Association of the Deaf ("CAD") have standing to seek injunctive relief under the ADA and the Rehabilitation Act.
7. Logically, the scope of injunctive relief that may be sought should be limited to relief related to the individual plaintiff's surviving claims.  The Court reaches this conclusion because there are no claims asserted independently by CCDC or CAD.  However, the Court finds no prior order specifying this point.
8. Pretrial discovery has been completed, dispositive and Daubert-related motions have been ruled, and there are no pending motions.  The case, then, is essentially ready for trial.

The parties are directed to meet, confer, and prepare a Joint Status Report indicating the extent to which they agree or disagree with the Court's summary of the case's status.  To the extent the parties do not agree with each other, the Joint Status Report shall summarize each party's position on the issue.  The Joint Status Report shall be filed on or before September 30, 2011.

The parties are advised that this case is set for a jury trial commencing at 8:00 a.m. on March 12, 2012.  The Court has set aside three weeks to conduct the trial.  A more comprehensive schedule will be issued once the Court receives the Joint Status Report.

IT IS SO ORDERED.

/s/ Ortrie D. Smith
ORTRIE D. SMITH, SENIOR JUDGE
DATE: August 24, 2011                    UNITED STATES DISTRICT COURT