IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

| | |
|---|---|
| DEBBIE ULIBARRI, et al., ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| vs. ) | Case No. 07-CV-1814-ODS |
| ) | |
| CITY & COUNTY OF DENVER, et al., ) | |
| ) | |
| Defendants. ) | |

## **RULES OF TRIAL**

    1.    Normally, court will convene at 8:00 a.m. and recess at 5:00 p.m. The parties may expect morning, lunch and afternoon breaks at appropriate times.

    2.    The Court will conduct voir dire; in so doing, questions will be taken from those previously proposed by counsel. At the conclusion of the Court's questioning, and if time permits, counsel will be afforded an opportunity to pose additional questions to the panel. The jury will be excused when questioning is finished and each side may move to strike for cause. Each side will then be awarded no more than fifteen (15) minutes for peremptory challenges. Plaintiff's strikes will be made first, then defendant's strikes will be made. The panel will be recalled and the jury will be seated and sworn. Upon request at the pretrial conference, the Court will consider enlarging the participation of the attorneys in voir dire.

    3.    Absent good cause shown, opening statements are limited to thirty (30) minutes for each side.

    4.    No visual aid or exhibit shall be used during an opening statement unless opposing counsel has been shown the visual aid or exhibit and has agreed that the item may be used during the opening statement.

    5.    The interrogation of each witness shall consist of: (1) direct examination; (2) cross-examination; (3) redirect examination; and (4) recross-examination. No further questioning will be permitted except by leave of Court in extraordinary circumstances.

6.      Absent good cause shown, the direct examination of each non-party witness shall be no longer than sixty (60) minutes.  Cross-examination of all witnesses shall be no longer than direct.  Redirect of non-party witnesses shall be no longer than twenty (20) minutes, and recross-examination shall be no longer than redirect.  Expert witnesses may testify about their qualifications and background for no longer than five (5) minutes on direct examination; cross-examination concerning the expert's qualifications will be unlimited except  insofar as the general time limitation on cross-examination applies. The Court reserves the right to impose reasonable time limitations on the direct examination of parties.

7.      Parties will be permitted to publish an expert's curriculum vitae to the jury.

8.      Only one (1) counsel per party may examine a witness.  _See_ Local Rule 83.3(b).  Exhibits will rarely be circulated to jurors.  If you want the jury to see exhibits during the trial, they should be displayed in a fashion that all jurors may view them at the same time (i.e., by overhead projection, ELMO, computer projection or the like).

9.      Counsel may approach the witness for any legitimate purpose without requesting permission to do so.  If a podium is provided, counsel may use it but are not required to do so.   Counsel may question a witness from any reasonable place in the courtroom except from a place that would intrude into the jury's space.  No paper or object shall be placed on the railing in front of the jury box.

10.     Except in unusual circumstances, counsel should stand when addressing the Court or when examining the witness.

11.     Except in unusual circumstances, a witness should be allowed to complete an answer.  If the question calls for a "yes" or "no" answer, you may anticipate that the witness will be allowed an opportunity to explain that answer.

12.     When making an objection, counsel should say only "objection" plus the legal reason for the objection, _e.g._, leading, hearsay, etc.  If objecting counsel desires to give

reasons for the objection or if an opposing counsel desires to oppose the objection, counsel shall request leave to approach the bench.  Objections to evidence should be made only by counsel handling the witness.  Objections during opening statements or closing arguments should be made only by counsel making opening statements or closing arguments.

13.     Unless permission is granted before the trial begins, a maximum of two (2) expert witnesses shall be allowed to testify for any party on any one (1) subject.  After counsel questions an expert about his/her qualifications, do not ask the Court to declare the witness an expert.

14.     Visible reactions to the testimony of witnesses, counsels' presentations or to the Court's rulings (such as facial or body gestures) are inappropriate.

15.     Conversation with clients and/or co-counsel must be in tones inaudible to the Court and the jury.

16.     Each party shall mark each of their exhibits prior to trial with an exhibit sticker indicating whether the exhibit is being offered by the plaintiff or the defendant, along with the exhibit number.  The designation for each exhibit shall match the numeric designation for that exhibit on the exhibit list furnished to the clerk prior to trial.

17.     The length of closing arguments will be established during the instruction conference.

18.     Instructions will be read to the jury before closing arguments.  Each juror will be given a copy of the instructions after closing arguments for use during deliberations.

19.     After the jury retires, each side shall assemble their exhibits and keep them available in the courtroom.  Counsel and their clients should remain in the courthouse and advise the Court's staff where they will be located while the jury is deliberating.

20.     As a general rule, exhibits requested by the jury will be sent to the jury room. It may be that the Court will elect to simply send all of the exhibits to the jury room if any are requested.  In either case, only exhibits that have been discussed in the jury's presence (e.g., during testimony, as part of a stipulation, or during closing argument) will be sent to the jury room.  Exhibits admitted pursuant to the parties' stipulation outside of the jury's hearing will not be made available to the jury unless they are later referenced in the jury's

presence.

      21.    After the jury returns its verdict, be prepared to tell the Court if you want the jury polled.

      22.    After the jury is dismissed, each counsel must take possession of his/her exhibits from the courtroom deputy and sign the receipt at the bottom of the exhibit list.

IT IS SO ORDERED.

                                      /s/ Ortrie D. Smith
                                      ORTRIE D. SMITH, SENIOR JUDGE
DATE: October 17, 2011               UNITED STATES DISTRICT COURT